UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Jamaican Redevelopment Foundation, | ) | |
| | ) | 3:03-cv-2141 (WWE) |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas Wint, | ) | |
| | ) | |
| Defendant | ) | July 12, 2005 |

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff, Jamaican Redevelopment Foundation ("plaintiff") brought this breach of contract action seeking the recovery of money damages against the defendant, Thomas Wint ("defendant"). Plaintiff has alleged in its complaint that the defendant guaranteed payment of a loan advanced by Mutual Security Bank Limited ("Lender") to Winjam Development Incorporated Limited ("Borrower") and has since defaulted on said loan. In this motion for summary judgment, the defendant argues that the alleged advance of monies never took place or, in the alternative, that the plaintiff is barred from bringing this action because the statute of limitations on this claim has expired. Because this Court finds genuine issues of material fact inherent to the plaintiff's complaint, this Court will deny the defendant's motion for summary judgment.

### I. STANDARD OF REVIEW

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.

2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 24.

## II.  DISCUSSION

In the present case, the underlying facts of the case are disputed.  The plaintiff's action is based on a breach of contract and the parties fail to agree on the meaning of their contractual relationship controlling the loan guarantee.  The disagreement includes whether the funds were ever advanced to the defendant.  It also begs the question of the running of the statute of limitations, to wit: whether the statute of limitations began to run when the agreement was instituted, or whether the provision in the contract that allows "the Lender without exonerating in whole or in part the Guarantor may grant time or indulgence to the Borrower" permits the Lender to elect when it chooses to perfect its rights under the agreement, thus triggering the statute of limitations at that time.

These questions of fact preclude this Court's granting of summary judgment. The factual events concerning the fulfilment of the contract are in dispute as are the terms of the contract itself. The contract interpretation in this case is a question of the parties' intent and is, therefore, a question best left to the tryer of fact in this matter. <u>Bourne v. Walt Disney Co.</u>, 68 F.3d 621, 628-629 (2d Cir. 1995).

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Thomas Wint's motion for summary judgment [Doc. # 9].

SO ORDERED this 12th day of July, 2005, at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior United States District Judge